**Oscar Angeles GONZALES, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–71421.

INS NO. A27–207–033.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2001 *.

Decided March 14, 2001.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before BROWNING, BRUNETTI, and HAWKINS, Circuit Judges.

## MEMORANDUM **

The Board of Immigration Appeals ("BIA") properly concluded that Oscar Angeles Gonzales ("Petitioner") was subject to exclusion, rather than deportation, proceedings. Parole is a legal fiction which permits an alien to be physically present in the United States for a specific purpose; the alien, however, is not deemed to have "entered" the United States. *Barney v. Rogers,* 83 F.3d 318, 320 n. 1 (9th Cir.1996). Although Petitioner possessed an unexpired parole document at the time the Immigration and Naturalization Service ("INS") instituted exclusion proceedings against him, this was not a valid entry document within the meaning of 8 U.S.C. § 1182. It is well established that an alien seeking an adjustment of status who leaves the country and returns pursuant to an advance parole is subject to exclusion proceedings if the adjustment application is ultimately denied. *Barney,* 83 F.3d at 321. Moreover, Petitioner does not contend that his parole document was not properly terminated; he argues only that it should have been terminated prior to the institution of exclusion proceedings. The regulations, however, clearly contemplate that an exclusion order could be entered prior to the termination of parole, by providing that upon such termination "any order of exclusion, deportation, or removal previ-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ously entered shall be executed." 8 C.F.R. § 212.5(d)(2)(i).

■ The BIA also properly refused to hold that the INS should be estopped from denying Petitioner the opportunity to apply for suspension of deportation. To be entitled to estoppel, Petitioner must prove that: (1) the INS knew the facts, (2) the INS intended for its conduct to be acted upon, (3) the alien was ignorant of the true facts, (4) the alien relied on the INS to his injury, (5) the INS's actions constituted "affirmative misconduct," and (6) the INS's wrongful conduct threatened to work "serious injustice" on the alien and the "public's interest would not be unduly damaged by the imposition of estoppel." *Jaa v. INS*, 779 F.2d 569, 571 (9th Cir.1986) (citations omitted).

■ There is no indication that the time it took the INS to adjudicate Petitioner's adjustment application was a result of anything other than an attempt to discern the true nature of Petitioner's marriage. The INS never led Petitioner to believe that it was likely to grant the application. Moreover, at the time Petitioner obtained advance parole, he had only resided in the United States for three years. Thus, as the BIA noted, at the time of his parole, Petitioner could not have had a reasonable expectation in pursuing a "distant and hypothetical claim" for suspension of deportation, which required a presence of seven years. Finally, the advance parole document clearly warned Petitioner of the possible consequences if his application were ultimately denied. On the record before it, the BIA correctly concluded that Petitioner had not borne his burden of proving the requisites for estoppel against the INS.

Petition for review DENIED.

